SEALED



1  McGREGOR W. SCOTT
   United States Attorney
2  ROBERT M. TWISS
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2767

FILED

MAY - 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
            DEPUTY CLERK

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

11  IN RE:  APPLICATION FOR AN      )
    ORDER AUTHORIZING THE USE OF A) NO. 2: 0 7 - SW - 0 1 2 0  KJM
12  PEN REGISTER DEVICE, TRAP AND )
    TRACE DEVICE, DIALED NUMBER    )
13  INTERCEPTOR, NUMBER SEARCH     )      ORDER
    DEVICE, AND CALLER             )
14  IDENTIFICATION SERVICE, AND    )
    THE DISCLOSURE OF BILLING,     )      **UNDER SEAL**
15  SUBSCRIBER, AIR TIME, AND      )
    HISTORICAL CELL SITE           )
16  INFORMATION                    )
                                   )

18      This matter has come before the Court pursuant to an
19  Application under Title 18, United States Code, Sections 3122 and
20  2703 by Robert M. Twiss, an attorney of the United States
21  Department of Justice.  The Application requests an order
22  authorizing the installation and use of a pen register device,
23  trap and trace device, dialed number interceptor, number search
24  device, and caller identification feature on the cellular
25  telephone currently identified by telephone number (530)908-4812,
26  hereinafter (530)908-4812, and directing Cellco Partnership, DBA
27  Verizon Wireless, Nextel Communications, MetroPCS Inc., AT&T
28  Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless,

-1-

1 GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone
2 Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities,
3 and any other involved telephone company, to disclose certain
4 related subscriber, billing, and toll call and historical cell
5 site information. The Court finds that the applicant has
6 certified and shown that the information likely to be obtained by
7 the requested use and disclosure is relevant to a legitimate
8 ongoing criminal investigation into possible violations of Title
9 18, United States Code, Sections 371, 922(o), 956(a)(1); Title 22
10 United States Code, Section 2778; and Title 26, United States
11 Code, Section 5861(d).

12      The Court further finds that the United States has made a
13 showing that there is reason to believe that notification or
14 disclosure by Cellco Partnership, DBA Verizon Wireless, Nextel
15 Communications, MetroPCS Inc., AT&T Wireless Services Inc, Sprint
16 Spectrum L.P., Cingular Wireless, GTE Wireless Inc., VIA Wireless
17 Services, Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint,
18 MCI, Citizens Utilities, and any other involved telephone
19 company, of the existence of the pen register device, trap and
20 trace device, dialed number interceptor, number search device,
21 and Caller Identification feature, or the request for subscriber,
22 billing, and other relevant information will: (1) endanger the
23 life or safety of an undercover government agent and other
24 government agents; (2) cause the subjects to flee to avoid
25 prosecution; or (3) seriously jeopardize the investigation in
26 that the suspects will stop using their telephones, begin using
27 pay telephones, or move their illegal operations elsewhere.
28      In addition, the Court finds that the Bureau of Alcohol,

-2-

1  Tobacco and Firearms (ATF) does not currently possess the
2  technology needed to limit the information obtained from a pen
3  register to only the number dialed to reach the called number and
4  not the numbers dialed as numerical codes or messages.

5       The Court also finds that good cause exists for permitting
6  ATF or other authorized law enforcement personnel to obtain
7  information from the trap and trace device, dialed number
8  interceptor, number search device, and Caller Identification
9  feature whether the calls originate in the United States or a
10  foreign nation.

11       IT APPEARING that the numbers dialed or pulsed to or from
12  telephone number (530) 908-4812 and to or from any other
13  telephone numbers subsequently assigned to the same IMEI/ESN
14  within the 60-day period, are relevant to an ongoing criminal
15  investigation of the specified offenses, THE FOLLOWING IS HEREBY
16  ORDERED:

17       1.  Pursuant to Title 18, United States Code, Section 3123,
18  agents of ATF or other authorized law enforcement agency may
19  install and use a pen register to register numbers dialed or
20  pulsed to or from telephone number (530) 908-4812 to record the
21  date and time of such dialings or pulsings, and to record the
22  length of time of such dialings or pulsings, and to record the
23  length of time the telephone receiver in question is off the hook
24  for incoming or outgoing calls for a period of sixty (60) days
25  from the date of this Order, and that this authorization applies
26  not only to the target telephone number listed above, but also to
27  any other telephone numbers subsequently assigned to the same
28  IMEI/ESN within the 60-day period,

-3-

1    2. Pursuant to Title 18, United States Code, Sections 3123
2 and 2703(d), Cellco Partnership, DBA Verizon Wireless, 180
3 Washington Valley Road, Bedminster, NJ 07921, shall install,
4 program, and/or use equipment in order to trap, trace, and
5 identify the telephone numbers of the incoming calls to telephone
6 number (530) 908-4812, or to any other telephone numbers
7 subsequently assigned to the same IMEI/ESN within the 60-day
8 period, and provide the name, address of the subscriber of
9 record, and ESN numbers, whether published or unpublished, for
10 each identified incoming call and where possible, provide the
11 time and duration of each call, and continue the operation of
12 such trap and number search activity for a period not to exceed
13 sixty (60) days from the date of this Order. Cellco Partnership,
14 DBA Verizon Wireless, will satisfy the requirements of this
15 portion of the Order by providing said subscriber information
16 (name and address of the subscriber of record and ESN) only once
17 for each number and is not required to produce subscriber
18 information on each telephone call. The use of the trap and
19 number search device shall be limited to calls originating in the
20 United States, Laos or Thailand, but only to the extent that such
21 limitation does not impose additional burdens on Cellco
22 Partnership, DBA Verizon Wireless; if such geographic limitations
23 are unduly burdensome, the use of the trap and number search
24 device may be international in scope.

25    3. Pursuant to Title 18, United States Code, Sections 3123
26 and 2703(d), that Cellco Partnership, DBA Verizon Wireless, shall
27 examine cellular telephone number (530)908-4812 and determine if
28 it is equipped with the Caller Identification feature as is

-4-

1  supplied to some retail customers. If said telephone line is not
2  equipped with the Caller Identification feature but the equipment
3  for said feature is available, Cellco Partnership, DBA Verizon
4  Wireless, is directed to add to the existing service the Caller
5  Identification feature with no record of said feature going to
6  the subscriber. Cellco Partnership, DBA Verizon Wireless, shall
7  be compensated by the government for any additional expenses for
8  installing the Caller Identification feature, and Cellco
9  Partnership, DBA Verizon Wireless', use of the Caller Identif-
10 ication feature will serve as a substitute for the use of a trap
11 and number search device. Cellco Partnership, DBA Verizon
12 Wireless, shall take all necessary precautions to ensure that the
13 addition of said feature, or any activity relating to said
14 feature, shall not be reflected on the customer's bill or in any
15 other way be disclosed.

16 4.  Pursuant to Title 18, United States Code, Section
17 3123(b)(2), Cellco Partnership, DBA Verizon Wireless, shall
18 furnish agents of ATF or other designated law enforcement agency
19 forthwith all information, facilities, and technical assistance
20 necessary to accomplish the installation and use of the pen
21 register device, trap and trace device, dialed number
22 interceptor, number search device, and Caller Identification
23 feature unobtrusively and with minimum interference with the
24 services that are accorded persons with respect to whom the
25 extension and use is to take place.

26 5.  Cellco Partnership, DBA Verizon Wireless, shall furnish
27 the investigating agents the telephone numbers associated with
28 any speed dialing codes dialed or pulsed from cellular telephone

-5-

number (530)908-4812, or to any other telephone numbers subsequently assigned to the same IMEI/ESN within the 60-day period.

6. Pursuant to Title 18, United States Code § 2703(d), Cellco Partnership, DBA Verizon Wireless, shall furnish agents of ATF or other designated law enforcement agency with notice of any change in service involving telephone number (530) 908-4812, all billing records, toll records, credit card~~s~~ or bills, and call forwarding information for telephone number (530) 908-4812 on a continuing basis for a period of sixty (60) days from the date of this Court's Order.

7. Pursuant to Title 18, United States Code, Section 2703(d), Cingular Wireless, Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cellco Partnership, DBA Verizon Wireless Services, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone companies shall furnish agents of ATF or other designated law enforcement agency with complete subscriber information, (name, address of subscriber/of record and ~~including~~ ESN numbers) for all telephone numbers dialed or pulsed to or from telephone number (530)908-4812, as recorded by the pen register device, and for all telephone numbers placing calls to telephone number (530)908-4812, as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Order. This authorization shall apply not only to (530)908-4812 but also to any other telephone numbers

1  subsequently assigned to the same IMEI/ESN within the 60-day
2  period.

3       8.   Pursuant to Title 18, United States Code, Sections
4  2703(d) and 3123, Cellco Partnership, DBA Verizon Wireless, shall
5  provide agents of ATF with historical cell site information
6  (retrieved by Cellco Partnership, DBA Verizon Wireless and
7  provided to ATF approximately 24 hours following transmission)
8  for the beginning and termination of each call made or received
9  by the cellular telephone identified by number (530) 908-4812, or
10 any other telephone numbers subsequently assigned to the same
11 IMEI/ESN on a continuing basis for sixty (60) days from the date
12 of the Court's Order.

13      9.   Cellco Partnership, DBA Verizon Wireless, shall be
14 compensated by the government for reasonable expenses incurred in
15 providing facilities and technical assistance in connection with
16 the pen register device, trap and trace device, dialed number
17 interceptor, number search device, and caller identification
18 feature.

19      10.  Pursuant to Title 18, United States Code, Sections
20 3123 (d) and 2705 (b), this Order and the Application shall be
21 **sealed** until otherwise ordered by the Court, and Cellco
22 Partnership, DBA Verizon Wireless, Nextel Communications,
23 MetroPCS Inc., AT&T Wireless Services, Sprint Spectrum, L.P.,
24 Cingular Wireless, GTE Wireless Inc., VIA Wireless Services,
25 Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI,
26 Citizens Utilities, and any other involved telephone company,
27 shall not disclose the existence of the investigation, the
28 existence of the pen register device, trap and trace device,

-7-

1   dialed number interceptor, number search device, and caller

2   identification feature, or the request for subscriber, billing,

3   and other relevant information to the listed subscribers, or to

4   any other person, unless or until otherwise ordered by the Court.

5   **IT IS SO ORDERED.**

6   DATED: February 28, 2007

7

8                         HONORABLE KIMBERLY J. MUELLER
                          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-