**FILED**

IN THE UNITED STATES DISTRICT COURT

MAY – 4 2007

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN RE: APPLICATION FOR AN ORDER )
AUTHORIZING THE CONTINUED USE OF )
A PEN REGISTER DEVICE, TRAP AND )
TRACE DEVICE, DIALED NUMBER )
INTERCEPTOR, NUMBER SEARCH DEVICE, )
AND CALLER IDENTIFICATION SERVICE, )
AND CONTINUED THE DISCLOSURE OF )
BILLING, SUBSCRIBER, AIR TIME, )
AND CELL SITE INFORMATION )
_____ )

No. **2: 0 7 – SW – 0 1 2 0**

**O R D E R**

**UNDER SEAL**

KJM

This matter has come before the Court pursuant to an Application under 18 U.S.C. §§ 3122 and 2703 by Ellen V. Endrizzi, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature on the Sprint Nextel (Nextel) cellular telephone currently identified by telephone number **(530)908-4812**, hereinafter **(530)908-4812**, and directing Nextel, Verizon Wireless, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone company, to disclose certain related subscriber, billing, and toll call and cell site information. The Court finds that the Applicant has certified and shown that the information likely to be obtained by the requested use and disclosure is relevant to a legitimate ongoing criminal investigation into possible violations of 18 U.S.C. §§ 371,

-1-

1  922(o), 956(a)(1), 960, 1956 and 1957; 22 U.S.C. § 2778; and 26
2  U.S.C. § 5861(d).

3      The Court further finds that the United States has made a
4  showing that there is reason to believe that notification or
5  disclosure by Nextel, Verizon Wireless, MetroPCS Inc., AT&T
6  Wireless Services Inc, Sprint Spectrum L.P., Cingular Wireless,
7  GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone
8  Company, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any
9  other involved telephone company, of the existence of the pen
10 register device, trap and trace device, dialed number
11 interceptor, number search device, and Caller Identification
12 feature, or the request for subscriber, billing, and other
13 relevant information will: (1) endanger the life or safety of an
14 undercover government agent and other government agents; (2)
15 cause the subjects to flee to avoid prosecution; or (3) seriously
16 jeopardize the investigation in that the suspects will stop using
17 their telephones, begin using pay telephones, or move their
18 illegal operations elsewhere.

19      In addition, the Court finds that the Bureau of Alcohol,
20 Tobacco, Firearms and Explosives (ATF) does not currently possess
21 the technology needed to limit the information obtained from a
22 pen register to only the number dialed to reach the called number
23 and not the numbers dialed as numerical codes or messages.

24      The Court also finds that good cause exists for permitting
25 ATF or other authorized law enforcement personnel to obtain
26 information from the trap and trace device, dialed number
27 interceptor, number search device, and Caller Identification
28 feature whether the calls originate in the United States or a

-2-

1  foreign nation.

2     IT APPEARING that the numbers dialed or pulsed to or from
3  telephone number **(530)908-4812,** are relevant to an ongoing
4  criminal investigation of the specified offenses, THE FOLLOWING
5  IS HEREBY ORDERED:

6     1.  Pursuant to 18 U.S.C. § 3123, agents of ATF or other
7  authorized law enforcement agency may install and use a pen
8  register to register numbers dialed or pulsed to or from
9  telephone number **(530)908-4812** to record the date and time of
10 such dialings or pulsings, and to record the length of time of
11 such dialings or pulsings, and to record the length of time the
12 telephone receiver in question is off the hook for incoming or
13 outgoing calls for a period of sixty (60) days from the date of
14 this Order;

15    2.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), Nextel, 6480
16 Sprint Parkway, Overland Park, Kansas 66251, shall install,
17 program, and/or use equipment in order to trap, trace, and
18 identify the telephone numbers of the incoming calls to telephone
19 number **(530)908-4812** within the 60-day period, and provide the
20 name, address of the subscriber of record, and ESN numbers,
21 whether published or unpublished, for each identified incoming
22 call and where possible, provide the time and duration of each
23 call, and continue the operation of such trap and number search
24 activity for a period not to exceed sixty (60) days from the date
25 of this Order.  Nextel will satisfy the requirements of this
26 portion of the Order by providing said subscriber information
27 (name and address of the subscriber of record and ESN) only once
28 for each number and is not required to produce subscriber

-3-

1 information on each telephone call.  The use of the trap and
2 number search device shall be limited to calls originating in the
3 United States, Laos, or Thailand, but only to the extent that
4 such limitation does not impose additional burdens on Nextel; if
5 such geographic limitations are unduly burdensome, the use of the
6 trap and number search device may be international in scope;

7     3.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), that Nextel
8 shall examine cellular telephone number **(530)908-4812** and
9 determine if it is equipped with the Caller Identification
10 feature as is supplied to some retail customers.  If said
11 telephone line is not equipped with the Caller Identification
12 feature but the equipment for said feature is available, Nextel
13 is directed to add to the existing service the Caller
14 Identification feature with no record of said feature going to
15 the subscriber.  Nextel shall be compensated by the government
16 for any additional expenses for installing the Caller
17 Identification feature, and Nextel's use of the Caller
18 Identification feature will serve as a substitute for the use of
19 a trap and number search device.  Nextel shall take all necessary
20 precautions to ensure that the addition of said feature, or any
21 activity relating to said feature, shall not be reflected on the
22 customer's bill or in any other way be disclosed;

23     4.  Pursuant to 18 U.S.C. § 3123(b)(2), Nextel shall furnish
24 agents of ATF or other designated law enforcement agency
25 forthwith all information, facilities, and technical assistance
26 necessary to accomplish the installation and use of the pen
27 register device, trap and trace device, dialed number
28 interceptor, number search device, and Caller Identification

-4-

feature unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the extension and use is to take place;

5.   Nextel shall furnish the investigating agents the telephone numbers associated with any speed dialing codes dialed or pulsed from cellular telephone number **(530)908-4812;**

6.   Pursuant to 18 U.S.C. § 2703(d), Nextel shall furnish agents of ATF or other designated law enforcement agency with notice of any change in service involving telephone number **(530)908-4812,** all billing records, toll records, credit cards bills, and call forwarding information for telephone number **(530)908-4812** on a continuing basis for a period of sixty (60) days from the date of this Court's Order;

7.   Pursuant to 18 U.S.C. § 2703(d), Nextel, Verizon Wireless, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone companies shall furnish agents of ATF or other designated law enforcement agency with complete subscriber information, including ESN numbers, for all telephone numbers dialed or pulsed to or from telephone number **(530)908-4812,** as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **(530)908-4812,** as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Order;

8.   Pursuant to 18 U.S.C. §§ 2703(d) and 3123, Nextel shall provide agents of ATF with cell site information for the

-5-

1  beginning and termination of each call made or received by the
2  cellular telephone identified by number **(530)908-4812** on a
3  continuing basis for sixty (60) days from the date of the Court's
4  Order;

5     9.   Nextel shall be compensated by the government for
6  reasonable expenses incurred in providing facilities and
7  technical assistance in connection with the pen register device,
8  trap and trace device, dialed number interceptor, number search
9  device, and caller identification feature;

10    10.   Pursuant to 18 U.S.C. §§ 3123 (d) and 2705(b), this
11  Order and the Application shall be **SEALED** until otherwise ordered
12  by the Court, and Nextel, Verizon Wireless, MetroPCS Inc., AT&T
13  Wireless Services, Sprint Spectrum, L.P., Cingular Wireless, GTE
14  Wireless Inc., VIA Wireless Services, Pacific Bell Telephone
15  Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities,
16  and any other involved telephone company, shall not disclose the
17  existence of the investigation, the existence of the pen register
18  device, trap and trace device, dialed number interceptor, number
19  search device, and caller identification feature, or the request
20  for subscriber, billing, and other relevant information to the
21  listed subscribers, or to any other person, unless or until
22  otherwise ordered by the Court.

23    **IT IS SO ORDERED.**

24

25  DATED: April __27__, 2007

26                                          **GREGORY G. HOLLOWS**
                                            HONORABLE GREGORY G. HOLLOWS
27                                          United States Magistrate Judge

28

-6-